**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**

| | | |
|---|---|---|
| LYNNE DONOVAN, | ) | CIVIL COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| TRANSWORLD SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

NOW comes LYNNE DONOVAN ("Plaintiff"), by and through her attorney,

complaining as to the conduct of TRANSWORLD SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action for damages pursuant to the Ohio Consumer Sales

Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.* for Defendant's unlawful

conduct in violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §

1692 *et seq.*

### JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the CSPA.  Subject matter

jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 as the action "arises under" the

laws of the United States and presents a substantial federal question.  *See generally Grable &*

*Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts

business in the Southern District of Ohio and a substantial portion of the events or omissions

giving rise to the claims occurred within the Southern District of Ohio.

[ 1 ]

## PARTIES

4.      Plaintiff is a natural person residing within the Southern District of Ohio.

5.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.      Defendant is a third-party debt collector that "recover[s] three times more money than [their] competitors at a fraction of the cost."[1] Defendant is a California corporation with an office at 500 Virginia Dr., Suite 514, Ft. Washington, PA 19034.  Defendant regularly collects upon consumers located in the state of Ohio.

7.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.      On April 6, 2016 and June 1, 2016, Defendant sent letters to Plaintiff via U.S. mail wherein Defendant sought to collect a debt on behalf of Minute Clinic of Ohio, in the amount of $35.00.

10.      The envelopes containing the letters sent by Defendant to Plaintiff contained the word "TRANSMITTAL" in large font over a bold green stripe across the front of the envelopes.

11.      The use of this stylized word violated Plaintiff's privacy interests, and its only purpose was to confuse her, humiliate her, trick her, annoy her, or misinform her as to the letter's contents.

---

[1] Transworld Systems – National Debt Collection Company, *Quick Facts About Us, https://www.tsico.com/about-tsi/our-company/* (last visited March 5, 2018).

12. A barcode and data matrix code were also visible through the clear window panes of the envelopes containing the letters dated April 6, 2016 and June 1, 2016.

13. On reference and belief, the barcodes, if scanned, had the potential to reveal information about the Plaintiff.

14. The envelopes also bore other various markings that appeared to be account numbers.

15. These markings on the outsides of the envelopes intruded upon Plaintiff's privacy interests.

16. Furthermore, the words "DEBT COLLECTION" were also visible on the face of the envelope (albeit in reverse). These words were bleeding through the first page of the letters dated April 6, 2016 and June 1, 2016, and could be readily seen through the clear window pane of each of the envelopes.

17. This exposed Plaintiff to the risk that anyone who saw the envelope would find out about her alleged debts.

18. Accordingly, Defendants' letters intruded upon Plaintiff's privacy interests.

### Count I—Violations of the Ohio Consumer Sales Practices Act

19. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

20. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

21. Plaintiff is a "person" as defined by R.C. 1345.01(B).

[ 3 ]

22. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

23. Debt collection, particularly the collection of medical debts, is a "consumer transaction" as defined by R.C. 1345.01(A).

24. R.C. § 1345.09(B) grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

25. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, in particular R.C. § 1345.02(A), by engaging in acts and practices in violation of the FDCPA.

26. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. § 1345.01 *et seq. See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, to attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

30.     The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a medical debt.

31.     The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32.     Defendant violated §1692f(8) when it unfairly and unconsciously attempted to collect on debt by using language and symbols, other than the Defendant's address, on the envelope when communicating with the Plaintiff by use of the mails on the two separate occasions of April 6, 2016 and June 1, 2016.  By violating §1692f(8) of the FDCPA, Defendant has also violated the CSPA, R.C. § 1345.02(A).

33.     Defendant's unlawful actions as described above and set forth above caused Plaintiff to sustain actual damages, in the form of inconvenience, annoyance, intimidation, and invasion of privacy.  Specifically, case law makes it clear that the invasion of privacy is "a core concern animating the FDCPA" due to the "'abundant evidence' of abusive debt collection practices that cause manifest harms to individuals, among them '*invasions of individual privacy*.'" *Douglass v. Convergent Outsourcing,* 765 F.3d 299, 303 (3d Cir. 2014) (citing §1692a of the FDCPA) (emphasis added).

WHEREFORE, Plaintiff, LYNNE DONOVAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.      Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.      Awarding Plaintiff statutory damages of at least $200.00 per violation pursuant to R.C. 1345.09(B);

c.      Awarding Plaintiff noneconomic damages pursuant to the CSPA in an amount to be determined at trial;

d.      Awarding Plaintiff costs and reasonable attorney fees; and

e.      Awarding any other relief as this Honorable Court deems just and appropriate.


**<u>A TRIAL BY JURY IS DEMANDED.</u>**


Dated: March 10, 2018

s/ Jonathan Hilton

Jonathan Hilton (0095742)
20 South Third Street, Suite 210, PMB 197196
Columbus, OH 43215
Tel: (614) 992-2277
Fax: (614) 427-5557
jonathanhiltonlaw@gmail.com
*Attorney for Plaintiff*

[ 6 ]